Welch, J.
We are unable to see any substantial error-in this proceeding to the prejudice of the plaintiff'.
The principal ground of error relied upon is, that the claim set up in the cross-petition was barred by the former-action. It is claimed to be a bar for two reasons : 1. Because the plaintiff, by prosecuting the former action, elected to affirm the contract, which he now seeks to rescind; and 2. Because the matters set up in the cross-petition were adjudicated in that action.
Neither of these propositions, in our judgment, is maintainable. The former action can not operate to affirm the contract, because the plaintiff, by pleading the statute, has-elected to avoid it. He has by this plea reduced the contract to a nullity, and there is, therefore, nothing left to be affirmed. The plaintiff can not at the same time avoid the *81 contract and insist that the parties have elected to fulfill it-The former action was merely an election to affirm the contract, provided the plaintiff did not choose to avoid it by pleading the statute of frauds. The plaintiff had his election, whether to avoid the contract, as he has done in both actions, by his plea of the statute, or to treat it, as the defendant by his former action offered to treat it, as valid and binding. Having chosen to avoid it, nothing remains but to restore the parties to their former situation. Neither .party can avoid the contract, and hold on to what he has-acquired under it.
Equally untrue is it that the claim set up in this cross-petition was adjudicated in the former action. By the-former action the defendant sought to enforce the contract ;, by the cross-petition he seeks to avoid it. The adjudication in one case was that the. contract can not be enforced, and in the other case, that it can be rescinded. There is no-conflict between these adjudications; they are perfectly consistent with each other. But the plaintiff’ says that the defendant has affirmed the contract, or rather, is not in a condition to rescind it, because he still holds the lease, and the fixtures and personal property. The answer to this-claim is, that the lease is by the pleadings shown to be a thing by itself, independent of the agreement in regard to good-will, or the sale of the property, au.d that, as we understand the findings of the jury, the notes were given in consideration of the agreement, the $300 in money being1 paid as the price of the goods.
But it is also claimed that the verdict was void for uncertainty, and should.have been set aside, or if not, that judgment should have been rendered for the plaintiff, either upon the verdict, or notwithstanding the verdict.
It is true that the jury, in their answer to one of the questions propounded by the court, seem to find both that •the plaintiff did, and that he did not fulfill his agreement-But they also find all the issues for the defendant. One of these issues was this precise question, whether the plaintiff had so kept his agreement. It is hardly conceivable that *82 the jury could return a general verdict against the plaintiff, if they believed he had “faithfully kept and fulfilled” his agreement. To suppose so, would be to stultify the jury.. The question so answered by them was propounded in the alternative form, and it is easy to see how they might fall into the mistake of answering it as they did. Taken literally, the two answers to this question neutralize each other, and leave the question, in effect, unanswered, and the general verdict and answers to the other questions unaffected thereby. We know of no law, or good reason, to prevent the court from withdrawing this question from the jury, or excusing them from answering it in a case such as this. That this double and contradictory answer was made by mistake, is admitted. The jury intended to answer either one way or the other, and not both ways, and their other findings leave no doubt in our minds that they intended to answer the question in favor of the defendant.
There are other assignments of error upon the record, but we deem neither of them maintainable.

Motion overruled.

McIlvaine, C. J., White, Rex, and Gilmore, JJ., concurring.